AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Oregon
Portland Division

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>12441 SE Powell Blvd., Portland, OR 97236<br>(Subject Premise-1) | ) <br> ) <br> ) Case No. **'19-MC-819 A**<br> ) <br> ) <br> ) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of _____ Oregon _____
*(identify the person or describe the property to be searched and give its location)*:

As described in Attachment A-1 hereto.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

The information and items set forth in Attachment B-1 hereto.

**YOU ARE COMMANDED** to execute this warrant on or before   October 14, 2019   *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to   Magistrate Judge Acosta, via the Clerk's office  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  9.30.19
                       @ 3:35 p.m.                        _____
                                                                *Judge's signature*

City and state:   Portland, Oregon          John V. Acosta, United States Magistrate Judge
                                                           *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A-1

### Property to Be Searched

**Subject Premise-1:** The property to be searched is the business TIENDA MEXICANA GONZALEZ BROS located at 12441 SE Powell Blvd Portland, OR 97236 as further described as a building that faces south, is yellow in color, is a one single-story building with white trim, and is located on the west end of a small strip mall. The business has a banner that says "Tienda Mexicana Gonzalez Bros" above the front door. The business TIENDA MEXICANA GONZALEZ BROS located 12441 SE Powell Blvd Portland, OR 97236 is in the city of Portland, County of Multnomah, State of Oregon.



## ATTACHMENT B-1

### Items to Be Seized

1. The items to be searched for, seized, and examined, are those items at **Subject Premise-1**, and **Subject Premise-2** that contain evidence, contraband, fruits, and instrumentalities of the laundering of proceeds of drug trafficking, in violation of Title 18, United States Code, Section 1956(h), 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), and Title 21, United States Code, Section 841, 843 and 846. The items to be seized cover the period November 2018 through the date of the execution of the search warrant and are as follows:

   a. Records relating money transfer services: registration and authority to serve as agents for any wire transmitting business (WTB) and communications with a WTB; electronic devices capable of internet connection with a WTB; documentation, ledgers, journals and receipts relating to wire transmitting services provided, including identification information and lists of senders and recipients of wire transfers;

   b. Books, records, receipts, notes, ledgers, calendars, and other documents relating to the laundering of drug trafficking proceeds, including contact information and communications between members of the conspiracy charged in Indictment 3:19-CR-00436, and evidence of the use of apparently legitimate businesses and transactions to disguise profits of drug trafficking;

   c. Financial records including bank statements, canceled checks, deposit records, check stubs, payment ledgers, checkbook registers, deposit slips, loans, documentation of assets and liabilities, general ledgers, general journals, cash, cash receipts, cash disbursement journals, accounts receivable journals, accounts

payable journals, contracts, billing information, and records of bills relating to the receipt of currency or other forms of payment.

d. Financial records relating to the receipt and disposition or expenditure of the proceeds of drug trafficking, to wit: money orders, wire transfer records, cashier's checks and receipts, account records, passbooks, tax records, safe deposit box keys and records, checkbooks, and check registers, as well as records of assets purchased including property, precious metals and gems.

e. Payroll and payroll tax records including timecards, timesheets, handwritten hour summaries, payroll sheets/journals, payroll check registers, canceled payroll checks, paycheck stubs, Forms W-2, Forms W-4, Forms 941, Forms 940, and Forms 1099.

f. Calendar books, log books, appointment books, and telephone number listings reflecting employment information, customer information, and vendor information.

g. Documents reflecting travel expenditures to include copies of travel tickets, hotel bills, gas receipts, and copies of payment items comprising evidence of expenditures and liabilities.

h. Copies of tax returns and related tax preparation files to include work papers, schedules, receipts, and any other source documents comprising evidence of asset acquisition, expenditures, and sources of income.

i. Notes payable and receivable, IOUs, and other recordation of debts comprising evidence of loans and expenses.

j.  Papers, records, documents, files, notes, memos, mail, or other materials representing residency, ownership, occupancy, dominion, or control of the premises referenced above and described in Attachment A-1 and A-2.

k.  Records or keys showing possession of safe deposit boxes, safes, storage units, and any other type of storage areas, including passwords and/or access codes for access during the searches.

l.  Cellular telephones, computers and other electronic devices capable of storing data that constitutes evidence or the instrumentality of money laundering and drug trafficking.

m.  Latent prints and identifying material from items at the Subject Residence.

2.  As used in this attachment, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

3.  For any computer or storage medium whose seizure is otherwise authorized by this warrant and any computer, storage medium, or digital device that contains or in which is

stored records or information that is otherwise called for by this warrant (hereinafter "Computer"):

    a.    Evidence of who used, owned, or controlled the Computer at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence.

    b.    Evidence of software that would allow others to control the Computer, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software.

    c.    Evidence of the lack of such malicious software.

    d.    Evidence indicating how and when the Computer was accessed or used to determine the chronological context of computer access, use, and events relating to the crime under investigation and to the Computer user.

    e.    Evidence indicating the Computer user's state of mind as it relates to the crime under investigation.

    f.    Evidence of the attachment to the Computer of other storage devices or similar containers for electronic evidence.

    g.    Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the Computer.

    h.    Evidence of the times the Computer was used.

    i.    Passwords, encryption keys, and other access devices that may be necessary to access the Computer.

    j.    Documentation and manuals that may be necessary to access the Computer or to conduct a forensic examination of the Computer.

    k.    Records of or information about Internet Protocol addresses used by the Computer.

    l.    Records of or information about the Computer's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

    m.    Contextual information necessary to understand the evidence described in this attachment.

    n.    Routers, modems, and network equipment used to connect computers to the Internet.

4.    During the execution of the search of the Premises described in Attachment A-1 and A-2, law enforcement personnel are authorized to press the fingers, including thumbs, of Jesus GONZALEZ VAZQUEZ and Juan Antonio ROMO found at the Premises to the Touch ID sensor of the Apple brand device(s), such as an iPhone or iPad, found at the Premises for the purpose of attempting to unlock the device via Touch ID in order to search the contents as authorized by this warrant.

### Search Procedure

5.    The search for data capable of being read, stored, or interpreted by a computer or storage device, may require authorities to employ techniques, including imaging any computer or

storage media and computer-assisted scans and searches of the computers and storage media, that might expose many parts of the computer to human inspection in order to determine whether it constitutes evidence as described by the warrant.

6. The initial examination of the computer and storage media will be performed within a reasonable amount of time not to exceed 120 days from the date of execution of the warrant. If the government needs additional time to conduct this review, it may seek an extension of the time period from the Court within the original 120-day period from the date of execution of the warrant. The government shall complete this review within 180 days of the date of execution of the warrant. If the government needs additional time to complete this review, it may seek an extension of the time period from the Court.

7. If, at the conclusion of the examination, law enforcement personnel determine that particular files or file folders on the computer and storage media do not contain any data falling within the scope of the warrant, they will not search or examine those files or folders further without authorization from the Court. Law enforcement personnel may continue to examine files or data falling within the purview of the warrant, as well as data within the operating system, file system, software application, etc., relating to files or data that fall within the scope of the warrant, through the conclusion of the case.

8. If an examination is conducted, and the computer and storage media do not contain any data falling within the ambit of the warrant, the government will return the computer and storage media to its owner within a reasonable period of time following the search and will seal any image of the computer and storage media, absent further authorization from the Court.

9. The government may retain the computer and storage media as evidence, fruits, contraband, or an instrumentality of a crime or to commence forfeiture proceedings against the computer and storage media and/or the data contained therein.

10. The government will retain a forensic image of the computer and storage media for a number of reasons, including proving the authenticity of evidence to be used at trial, responding to questions regarding the corruption of data, establishing the chain of custody of data, refuting claims of fabricating, tampering, or destroying data, and addressing potential exculpatory evidence claims where, for example, a defendant claims that the government avoided its obligations by destroying data or returning it to a third party.